IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| 1 GROUP LLC dba StoveGuard,<br>c/o statutory agent, Mark Jacobs<br>111 Superior Avenue, Suite 1335<br>Cleveland, Ohio 44114, | : <br> : <br> : <br> : | |
| Plaintiff, | : | Case No.: _____ |
| v. | : | |
| | : | Judge: _____ |
| | : | |
| STOVE GUARD INTERNATIONAL, LTD<br>126 O'Neil Cres<br>Saskatoon, SK  S7N 1W8<br>CANADA | : <br> : <br> : <br> : | JURY DEMAND ENDORSED HEREON |
| And | : | |
| Charlotte Uhrich<br>126 O'Neil Cres<br>Saskatoon, SK  S7N 1W8<br>CANADA | : <br> : <br> : <br> : | |
| | : | |
| Defendants. | : | |
| | : | |

**COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES**

Plaintiff 1 Group LLC, dba StoveGuard, ("StoveGuard") states the following for its Complaint against Defendants Stove Guard International, Ltd. ("SGI") and Charlotte Uhrich ("Uhrich").

**I.      INTRODUCTION**

1.      1 GROUP LLC, an Ohio limited liability company based in Cuyahoga County, Ohio, is a leading manufacturer and seller of oven liners and stove top burner covers sold under its "StoveGuard" brand.

2. StoveGuard is the owner of United States registered trademarks for its "StoveGuard" brand, U.S. Registrations Nos. 5,444,953 and 6,254,561 (hereinafter referred to individually as a "Registration" and collectively as the "Registrations"). *A true and accurate copy of which are shown in Exhibit 1 and Exhibit 2, respectively*.

3. Registration No. 5,444,953 has been registered with the USPTO since April 10, 2018, while Registration No. 6,254,561 has been registered with the USPTO since January 26, 2021.

4. In addition, the StoveGuard Products in the form of a stove top cover are protected by U.S. Patent No. 11,359,821. *A true and accurate copy of which is shown in Exhibit 3*.

5. The StoveGuard Trademarks are distinctive in all relevant industry and markets with consumers and professional alike. More to the point, the StoveGuard brand has and is extremely well known and enjoys renown in its specific industry and market and with consumers; the StoveGuard Trademarks and brand represent high quality products among the consuming public.

6. In particular, consumers associate the StoveGuard Trademarks and products within its specific markets with high quality stove burner covers, cooking products, and conventional liners for ovens that feature heat-transmitting containers which provide uniform heat and humidity during cooking and are disposable for catching spills (hereinafter referred to collectively as "StoveGuard Goods").

7. Stove Guard International, Ltd. provide stove fire prevention devices, primarily through their website www.stoveguardintl.com, where SGI advertises "Our patented devices are made in North America and fulfill the needs of customers across North America."

8. On information and belief, SGI's website is registered or maintained at 2155 E Warner Rd, Tempe AZ 85284.

9. This action, therefore, is brought at law and in equity for trademark infringement under the Trademark Act of 1946, as amended, 15 U.S.C. §1051 et. seq. (Lanham Act) and the common law, and patent infringement under the United States, specifically 35 U.S.C. §281

## II. PARTIES

10. Plaintiff 1 Group LLC dba StoveGuard, an Ohio limited liability organized under the law of the State of Ohio, does business in Ohio and throughout all fifty states and is headquartered in this District.

11. SGI is a Canadian company having a principal place of business at 126 O'Neil Cres, Saskatoon, SK  S7N 1W8 Canada. On information and belief, SGI has further registered to do business in Delaware as a foreign corporation at the address Stove Guard International, 1100 N Market St., Wilmington DE19801.

12. SGI does business according to its website in Ohio and in this District.

13. On information and belief, Defendant Uhrich is an individual functioning as Sales and Marketing Manager of Defendant SGI.

## III.     JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§1331 and 1338.  This action is also over a matter involving citizens of different states and the amount in controversy exceeds $75,000.

15. There is an actual justiciable case or controversy pursuant to 28 U.S.C. § 2201 regarding the validity and infringement of the '821 patent. A judicial declaration that the claims of the '821 patent is valid and that the Defendants have infringed any valid claim of the '821 patent is necessary and appropriate at this time so that the Plaintiff may ascertain its rights and duties with respect to the '821 patent.

16. This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. § 2201, 2202, and 1338 as a declaratory judgment action arising under the patent laws, Title 35 of the United States Code.

17. This Court has jurisdiction and venue over Defendants because they conduct business (a) though the internet in this jurisdiction by marketing, offering for sale, and the actual sale of products and goods in Ohio and in this District, as represented to the public on its website and (b) it has otherwise made or established contacts within this District and in Ohio.

18. This Court has subject matter jurisdiction over the patent infringement claim by virtue of 28 U.S.C. §1331, 1338, and U.S.C. §281.

19. This Court further has diversity jurisdiction over all claims asserted in this action pursuant to 28 U.S.C. §1332, because the parties are citizens of different states and the amount in controversy exceeds the jurisdictional amount of $75,000, excluding interests and costs.

20. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) and/or 28 U.S.C. §1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendant is subject to personal jurisdiction in this district, and the infringement occurred within this judicial district.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

21. On or about December 1, 2022, Defendants actively pursued the making, using or selling of stove top covers in violation of Plaintiff's intellectual property rights.

22. Defendants' actions include, inter alia, communications with suppliers seeking the following:

"Hi. I am looking into using this type of product to make customer stove liners and oven protectors…." *A true and accurate copy of which is shown in Exhibit 4.*

23. Defendants' actions were willful and with knowledge of Plaintiff's rights.

24. As a proximate result of Defendants' infringement, StoveGuard will suffer actual and potential loss of sales and goodwill because consumers are likely to be confused with respect to the source of each parties' goods.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement)

25. StoveGuard repeats and incorporates by reference the allegations in the preceding paragraphs.

25. StoveGuard owns the StoveGuard Trademarks, including the Registrations, which were filed, used, and registered far before Defendants' infringing actions.

26. Defendants' actions are directed to selling products so similar to the StoveGuard Trademarks that it is likely to cause consumer confusion with the StoveGuard Trademarks and long-held brand "StoveGuard."

27. Defendants have caused and are likely to continue causing substantial injury to the public, the specific stove products market, and StoveGuard's brand and Trademarks. StoveGuard, therefore, is entitled to injunctive relief and reasonable attorneys' fees and costs under 15 U.S.C. §§ 1114, 1116 and 1117.

## SECOND CLAIM FOR RELIEF
### (Patent Infringement 35 U.S.C. §271)

28.StoveGuard repeats and incorporates by reference the allegations in the preceding paragraphs.

29.Defendants have been and are currently making, using, offering for sale, selling, and/or importing products that infringe the '821 patent.

30.Defendants' conduct is an infringement of the '821 patent, and in violation of 35 U.S.C. §271 within this judicial district and elsewhere.

31.Defendants will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

32.Defendants have been, and are, actively inducing infringement of the '821 patent by offering for sale and selling their infringing products to dealers at wholesale prices who have, and will continue to, offer them for sale and sell them to end users.

33.Defendant's infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiff's patent rights. Further, Defendant's actions and infringement is, and at all times has been, wanton. As a result, the Plaintiffs are entitled to recover treble damages from Defendants pursuant to 35 U.S.C. §284.

34.This is an exceptional case within the meaning 15 U.S.C. §285, and the award of appropriate attorneys' fees is justified.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.A preliminary the injunction enjoining the Defendant from making, using, or selling any product that infringes upon the '821 patent;

B.	A permanent injunction enjoining the Defendant from making, using, or selling any product that infringes upon the Plaintiff's StoveGuard trademarks;

C.	An accounting for damages resulting from Defendant's patent infringement and contributory infringement and the trebling of such damages because of the knowing, willful, and wanton nature of the Defendant's conduct;

D.	As assessment of interest on the damages so computed;

E.	An award of attorney's fees and costs in this action under 36 U.C.S. §285; Judgment against Defendant indemnify in the Plaintiffs from any claims brought against the Plaintiffs for negligence, debts, malpractice, product liability, or other breaches of any duty owed by the Defendant to any person who was confused as to some association between the Plaintiffs and Defendant as alleged in this Complaint;

F.	Requiring Defendant to provide full disclosure of any and all information relating to its supplier or suppliers of infringing product;

G.	Requiring Defendant to provide the location of any and all manufacturing equipment, including but not limited to molds used to manufacture infringing product;

H.	Requiring Defendant to destroy any and all manufacturing equipment used to manufacture infringing product or to deliver said equipment to the Plaintiffs;

I.	Ordering a product recall of infringing product for destruction;

J.	Requiring Defendant to file with this Court and serve on the Plaintiffs within thirty (30) days of this Court's order a report setting forth the manner in which they complied with the order;

K.	Requiring Defendant to provide to Plaintiffs all sales records, including but not limited to email, mail, and advertising lists;

L. Damages according to each cause of action herein; and

M. Prejudgment interest.

## **JURY TRIAL DEMAND**

Plaintiff StoveGuard requests a jury to hear and decide all issues and claims so triable.

Respectfully Submitted,

*/s/ John D. Gugliotta*

John D. Gugliotta (0062809)
Gugliotta & Gugliotta, LPA
P.O. Box 506
Richfield, Ohio 44286
johng@invenetorshelp.com

*Attorney for Plaintiff 1 Group LLC
dba StoveGuard*